IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nationwide Property & Casualty Insurance Company, | ) ) ) | CA No. 0:07-cv-1045-CMC |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **OPINION and ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| David Starnes, Joanne Starnes, David Starnes II, Kevin Best, and Cody Best, | ) ) ) ) | |
| Defendants | ) ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's motion for summary judgment. For the reasons stated below, the motion is **granted** in full.

### STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369

U.S. 654, 655 (1962). The nonmoving party, here the Defendants,[1] must then designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## BACKGROUND

Through this declaratory judgment action Plaintiff Nationwide Property & Casualty Insurance Company ("Nationwide") seeks to define the scope of coverage under a homeowners insurance policy which it issued to Willie Starnes. He is the father of Defendant David Starnes, father-in-law of Defendant Joanne Starnes, and grandfather of Defendant David Starnes II (collectively "David Starnes family"). Nationwide seeks this determination because it anticipates a claim under the policy for injuries suffered by Defendant Cody Best while he and David Starnes II were playing with a pellet gun owned by the David Starnes family.

Nationwide asserts that the policy issued to Willie Starnes does not cover members of the David Starnes family because they live in a separate household from Willie Starnes. Uncontroverted evidence supports the conclusion that the households are, indeed, separate even though both are located on the same parcel of land owned by Willie Starnes.[2]

Defendants Kevin Best and Cody Best do not offer any contradictory evidence.[3] They argue instead that summary judgment is premature because discovery has not yet closed. They do not, however, identify any discovery which might lead to evidence in support of their position. *See* Fed.

---

[1] Only Defendants Kevin Best and Cody Best have opposed Plaintiff's motion for summary judgment.

[2] There is, moreover, no evidence that David Starnes II was in the care of Willie Starnes either on a long term basis or at the time of the accident.

[3] *See* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party . . . must . . . set out specific facts showing a genuine issue for trial.").

2

R. Civ. P. 56(f) (allowing a court to "refuse the application for judgment or . . . order a continuance to permit" further discovery if the party opposing the motion submits affidavits explaining the reasons why it cannot " present by affidavit facts essential to justify the party's opposition"). As Nationwide explains in its reply, the only discovery served by the Best Defendants which has not yet been answered is redundant or seeks evidence which there is no reason to believe exists. *See* Dkt. No. 52 at 3. For example, the Bests seek copies of cancelled checks showing rent paid by the David Starnes family to Willie Starnes. All of the Starnes Defendants, the individuals with the best knowledge of the living arrangements and household activities related to this action, have been deposed. All testified that the rent payments were made in cash. Thus, there is no reason to believe that there are any checks to be discovered. If checks did exist, they would only bolster Nationwide's position.

## DISCUSSION

The insurance policy at issue in this action was issued to Willie Starnes. It covers "damages an **insured** is legally obligated to pay." Dkt. No. 46-2 (Plaintiff's Ex. 1) at G1 (emphasis in original). The policy defines "insured" as the named insured (Willie Starnes) and resident spouse, as well as other specified residents of the insured's "household at the **residence premises**." *Id.* at A1-2 (emphasis in original). The specified residents include relatives and minors in the care of the named insured or other resident relatives. *Id*.

These policy provisions exclude coverage of relatives who live in a separate household.[4] Thus, the policy would not cover Defendant Cody Best's injury absent evidence that the David Starnes family shared a household with Willie Starnes.

As explained above, all key individuals have been deposed. Their testimony supports the conclusion that the David Starnes family household was separate from the Willie Starnes household. Defendants Kevin and Cody Best have not provided the court with any contrary evidence. Neither have they suggested any discovery which might lead to such evidence.

In light of the above, the court concludes that further discovery is not justified before a decision on Plaintiff's motion for summary judgment. The court further concludes that the evidence leaves no genuine issue of material fact to be resolved and that Nationwide is entitled to summary judgment declaring that there is no coverage for the injury of Cody Best by David Starnes II because the evidence compels the conclusion that the members of the David Starnes family were not insured by the policy issued to Willie Starnes.

**CONCLUSION**

WHEREFORE Plaintiff Nationwide's motion for summary judgment is **granted**.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 20, 2008

---

[4] Nationwide cites several cases interpreting identical or substantially similar policy provisions that support this conclusion. *See* Dkt. No. 46-2 at 6. The Best Defendants offer no authority contradicting this interpretation. *See* Dkt. No. 51.

4